UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

GINA MASSONI,

     Plaintiff,

vs.

VIVEX BIOLOGICS GROUP, INC.,

     Defendant.

_____/

## COMPLAINT

Plaintiff, GINA MASSONI ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, VIVEX BIOLOGICS GROUP, INC.  ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $30,000.00 excluding attorneys' fees or costs for discriminatory treatment under the Americans with Disabilities Act 42 U.S.C. § 12101, et. Seq.  ("ADA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("Title VII") and the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA") and under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendant is a Foreign Profit Corporation authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant.

4. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

5. Plaintiff is a female who has a child with a disability at the relevant time, and is thus a member of a class protected under the FCRA, ADA, because the terms, conditions, and

privileges of her employment were altered due to her status as a mother of a child with a disability or perceived disability.

6. Defendant has at all times material hereto employed fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or proceeding year in accordance with the FCRA (Fla. Stat. § 760.02(7)).

7. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

8. Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations, and which articulated Plaintiff's discrimination claims based on her sex, disability, associational disability, and retaliation.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Plaintiff began working for University of Miami Tissue Bank on or about the year 2008.

11. On or about the year 2015, the company was sold to Vivex Biologics, Inc., at which time Plaintiff remained employed through Vivex Biologics, Inc. (Defendant).

12. Plaintiff's job title at the company was Donor Development Coordinator, Team Lead.

13. Plaintiff performed work for Defendant as a non-exempt employee.

14. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per week. At all times material hereto, Defendants were on notice of and/or had full knowledge of all hours worked by Plaintiff, including those hours worked by Plaintiff in excess of forty (40) in a given work week.

15. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

16. Plaintiff never received any write-ups at her job due to work performance issues or conflicts.

17. Plaintiff was treated differently than her coworkers because of her status a pregnant female and because her son had a disability.

18. During Plaintiffs pregnancy in the year 2015, Plaintiff's manager told her that she would never make it as a medical examiner because she was pregnant.

19. Once Mr. Agle started his employment within the company, he also began treating plaintiff differently because of the fact that her son has disability.

20. After Plaintiff had her son she was made to return back to work because her FMLA ran out. Plaintiff was then told that she would be fired if she did not return thereafter.

21. Plaintiff's son was in the NICU for 87 days because he was born prematurely.

22. Plaintiff's HR director at the time, Angel Perez, told her that she was only allowed to take four more weeks off to be with her son as that would be the extent of her FMLA.

23. Around 2017, Patricia Darrigan and Heather Luther took over the department.

24. Patricia and Heather forced Plaintiff to work a schedule that would interfere with her son's therapy session. However, Plaintiff's team lead never had her shift switched. Plaintiff felt targeted again because of her son's disabilities.

25. Defendants had mandatory work meetings on the weekends and very frequently on Plaintiff's days off. Plaintiff informed Patricia and Heather, that these meetings interfered with her son's therapy sessions by forcing her to cancel those sessions. Other employees

that had been working remotely were allowed to attend these meetings via chat/skype; plaintiff wasn't permitted to do the same and felt targeted as a result.

26. On one occasion Plaintiff's flight was cancelled and Ms. Huey accused Plaintiff of being a liar and told Plaintiff to drive to work.

27. Plaintiff reported Ms. Huey to human resources because she felt that Ms. Huey was targeting as a form of discriminating against Plaintiff because of her disabled son.

28. Plaintiff was then called in to a meet with Human Resources on that following Monday morning, and accused Plaintiff of stealing company time.

29. Plaintiff also complained about her work laptop that would consistently crash on her and Defendants didn't do anything about it.

30. Plaintiff was then ultimately terminated on Wednesday, January 8th, 2020.

31. Plaintiff was never given an opportunity to explain herself and is also still owed money for her off the clock work.

## <u>COUNT I</u>
### *Associational Disability Discrimination in Violation of ADA*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 above as if set out in full herein.

33. Plaintiff is a member of a protected class under the ADA.

34. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's association with a disabled individual and subjected the Plaintiff to disability-based animosity.

35. Such discrimination was based upon the Plaintiff's association with a disabled individual in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff's son has a disability.

36.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's association with a disable individual was unlawful but acted in reckless disregard of the law.

37. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

38. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

39. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

40. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

41. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

42. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pays Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### *Retaliation in violation of the ADA*

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

44. Plaintiff is a member of a protected class under the ADA.

45. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

46. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

47. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

48. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

49. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

50. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Sex (Gender) Discrimination Under the FCRA*

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 above as if set out in full herein.

52. Plaintiff is a member of a protected class under the FCRA.

53. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex (gender) and subjected the Plaintiff to sex-based animosity.

54. Such discrimination was based upon the Plaintiff's sex (gender) in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

55. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex (gender) was unlawful but acted in reckless disregard of the law.

56. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

57. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

58. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

59. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

60. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

61. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.   Adjudge and decree that Defendant has violated the FCRA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT IV</u>
### *Retaliation in violation of the FCRA*

62. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

65. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

66. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

67. The conduct of Defendant, by and through the conduct of its agents, employees, and/or

representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state or federal law.

68. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

69. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
### *Wage & Hour Federal Statutory Violation*

70.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

71.     This action is brought by Plaintiff to recover from Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

72.     Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

73.     At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

74.     Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

75.   By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s).  Defendant's business activities involve those to which the Fair Labor Standards Act applies.  The Plaintiff's work for the Defendant likewise affects interstate commerce.

76.   Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

77.   At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq*. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

78.   Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

79.   Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime

compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
### *Sex (Gender) Discrimination under Title VII*

80. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 31 above as if set out in full herein.

81. Plaintiff is a member of a protected class under Title VII.

82. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex (gender) and subjected the Plaintiff to sex-based animosity.

83. Such discrimination was based upon the Plaintiff's sex (gender) in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

84. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex (gender) was unlawful but acted in reckless disregard of the law.

85. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

86. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

87. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

88. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

89. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

90. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### Retaliation in Violation of Title VII

98. Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 31 of this complaint as if set out in full herein.

99. Plaintiff is a member of a protected class under Title VII, to wit: she complained of discriminatory treatment.

100.    By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

101.    Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex was unlawful but acted in reckless disregard of the law.

102.    As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

103.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

104.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal

law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

105.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: November 24, 2020.

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd, Esq.*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile